IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN TURNER, | : | CIVIL ACTION NO. **3:CV-13-0848** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, *et al.,* | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

## I.    BACKGROUND.

On April 4, 2013, Plaintiff Melvin Turner, an inmate confined in the United States

Penitentiary of Canaan located in Waymart, Pennsylvania ("USP-Canaan"), filed, *pro se*, this

instant *Bivens* civil rights action pursuant to 28 U.S.C. § 1331.[1]  (Doc. 1). Plaintiff submitted

a three-page form Complaint with handwritten responses filling in the  numbered queries.

On that same date, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*.

(Doc. 2).

This Court has jurisdiction over Plaintiff's *Bivens* civil rights action pursuant to 28

U.S.C. § 1331.  *See Butz*, *supra*.  We will now screen Plaintiff Turner's Complaint as we are

---

[1]*See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91
S.Ct. 1999 (1971).  Plaintiff's actions fall within 28 U.S.C. § 1331 ("The district courts shall have
original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the
United States." (Emphasis added).
      Plaintiff's Complaint is a *Bivens* actions under §1331 since he alleges federal officials
violated his constitutional rights. *See Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894
(1978). Plaintiff incorrectly indicated that his Complaint was under 42 U.S.C. §1983.   Section
1983 is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536
U.S. 273, 284-85 (2002); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491,
498-499 (M. D. Pa. 2005).

obliged to do under the PLRA.  *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).[2]

## II.    STANDARDS OF REVIEW.

### A.    PLRA

The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### B.    *BIVENS* STANDARD

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action.  *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200, n. 16 (M.D. Pa. 1992); *Mitchell v. Dodrill*, 696 F.Supp. 2d 454, 457, n. 1 (M.D. Pa. 2010)(citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)).  To state a claim under *Bivens*, Plaintiff

---

[2]We have been assigned his case for pre-trial matters.

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

must allege that he was deprived of a federal right by a person who was acting under color of federal law. *See Young v. Keohane*, 809 F.Supp. at 1199; *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

It is well established that personal liability in a civil rights action cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976). It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Fisher v. Matthews,* –F.Supp.2d–, 2011 WL 1982920, * 23 (M.D. Pa.) *(citing Rode, supra)*.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d at 588.

### C.    MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the

Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433
> (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o
> survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true to 'state a claim that relief is plausible on its face.'
> " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court
> emphasized that "only a complaint that states a plausible claim for relief
> survives a motion to dismiss." *Id.* at 1950. Moreover, it continued,
> "[d]etermining whether a complaint states a plausible claim for relief will ...
> be a context-specific task that requires the reviewing court to draw on its
> judicial experience and common sense." *Id.* (citation omitted). *McTernan
> v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court
> discussed the effects of *Twombly* and *Iqbal* in detail and provided a road
> map for district courts presented with a motion to dismiss for failure to
> state a claim in a case filed just a week before *McTernan, Fowler v. UPMC
> Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and
> legal elements of a claim should be separated. The District Court must
> accept all of the complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court
> must then determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at
> 1950. In other words, a complaint must do more than allege a plaintiff's
> entitlement to relief. A complaint has to "show" such an entitlement with
> its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d
> Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-
> pleaded facts do not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949.
> This "plausibility" determination will be "a context-specific task that
> requires the reviewing court to draw on its judicial experience and
> common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## III. COMPLAINT ALLEGATIONS.

As stated, on April 4, 2013, Plaintiff filed this instant *Bivens* civil rights action, pursuant to §1331, against the following Defendants : (1) United States of America; (2) Kac Bonic, paramedic at USP-Canaan; and (3) two unnamed USP-Canaan inmates who allegedly assaulted Plaintiff. (Doc. 1). In his Complaint, Plaintiff alleges that on February 5, 2013, at approximately 7:20 a.m., he was assaulted by the two unnamed Defendant inmates at USP-Canaan in his cell who used pad-locks to beat him when he refused to perform oral sex on them. Plaintiff also alleges that two unnamed Defendant inmates stole $216.00 "worth of commissary." Plaintiff avers that he sustained head and facial injuries, memory loss, vision problems, and mental heath issues as a result. (Doc. 1, pp. 2-3). He states that "medical refuses [him] attention" for his physical injuries caused by the assault and, that he requested "medical psychiatrist help" for his mental disorder and it was refused. Plaintiff further states that the two inmates received disciplinary reports against them for the assault incident.

Plaintiff states that he requests the Court to force the BOP to compensate him for denying him medical attention and for "watching [him] get violently and brutally assaulted." (Doc. 1, p. 3). As relief, Plaintiff requests compensatory damages in the sum of twenty-five

thousand dollars ($25,000.00).  (*Id.*).[4]

Based on these facts, and in liberally construing Plaintiff's *pro se* Complaint, Plaintiff is alleging Eighth Amendment denial of medical care and mental health care claims and, an Eighth Amendment failure to protect claim.  Plaintiff states that he has filed a grievance regarding the aforementioned incident, but that the grievance process has not been completed.  (Doc. 1, p. 1).[5]

---

[4]In a *Bivens* suit, Plaintiff cannot sue an individual federal Defendant for damages in his or her official capacity.  Sovereign immunity bars Plaintiff from bringing a *Bivens* action for money damages against a Defendant in his or her official capacity as a federal agent.  *See FDIC v. Meyer*, 501 U.S. 471, 475 (1994); *Lewal v. Ali*, 289 Fed.Appx. 515, 516 (3d Cir. 2008). Thus, insofar as Plaintiff is deemed as seeking damages against any individual Defendant in his or her official capacity, such claim should  be dismissed with prejudice.  Based on settled case law, we find futility of an amended pleading to sue any individual Defendant for damages in his or her official capacity.

Also, Plaintiff's request for a specific amount of monetary damages (Doc. 1, p. 3) should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim  specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages should be stricken from his Complaint.  *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

[5]It is well-settled that the Plaintiff must exhaust all of his available administrative remedies with respect to each one of his claims prior to filing a civil rights suit.  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*  However, Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

## IV.  DISCUSSION.

### A.  Defendants United States of America and Two Unnamed Inmates

Insofar as Plaintiff is suing United States and two unnamed inmates as Defendants for violations of his civil rights, *i.e.,* denial of medical care claims and a failure to protect claim against the United States, and  assault and theft claims against the two inmates,  the law is clear that *Bivens* "only authorizes suit against federal officials in their individual capacities and not against the United States and federal agencies."  *Goodson v. Maggi*, 2010 WL 1006901, *7 (W.D. Pa. 2-22-10); *Debrew v. Auman*, 354 Fed. Appx. 639, 641 (3d Cir. 2009)("no claims [under *Bivens*] could properly be brought against Defendants in their official capacities.")(citation omitted).  As such, we will recommend that Defendant United States be dismissed with prejudice based on the doctrine of sovereign immunity.  We will recommend that the two unnamed inmates  be dismissed with prejudice based on the fact that they are not federal officials subject to suit under *Bivens*.  *See Conway v. Lindsay*, 2008 WL 2562949, *2 (M.D. Pa. 6-24-08)(citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

The Court in *Johnson* stated:

> An action brought against federal agencies, or federal employees in their official capacities, is effectively an action against the United States. *Ky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). It is well settled that the United States has sovereign immunity except where it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Sovereign immunity extends to government agencies and employees sued in their official capacities. *Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir.1996). In addition, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Mitchell,* 445 U.S. at 538.

First, regarding Johnson's constitutional claims against the Federal Defendants, Congress has never waived sovereign immunity for constitutional tort claims against the United States, its agencies, or employees sued in their official capacity. *FDIC v. Meyer,* 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Graham,* 473 U.S. at 166-68. In addition, Congress has not waived sovereign immunity for RICO claims, *Jennette v. Holsey,* No. 06-874, 2006 WL 1984734, at *1 (M.D.Pa. May 31, 2006); *Delker v. United States,* No. 86-2712, 1986 WL 11701, at *1 (E.D.Pa. Oct.16, 1986), or for claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and negligent failure to prevent conspiracy to interfere with civil rights under 42 U.S.C. § 1986. *Davis v. U.S. DOJ,* 204 F.3d 723, 726 (7th Cir.2000); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999); *Biase v. Kaplan,* 852 F.Supp. 268 (D.N.J.1994); *Wilson v. Rackmill,* No. 87-456, 1990 WL 63504 at *4 (E.D.Pa. May 11, 1990).

Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *FDIC,* 510 U.S. at 475. Thus, because the United States has not waived its sovereign immunity for constitutional tort, RICO, or §§ 1985 and 1986 claims against its agencies or its federal employees in their official capacities, these claims against the Federal Defendants must be dismissed for lack of subject matter jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(1).

2010 WL 2991409, *2-*3.

Because Defendant United States is not a proper Defendant in a *Bivens* action, we will recommend that Defendant United States be dismissed with prejudice. Furthermore, as discussed, because Defendant two unnamed inmates are not federal officials subject to suit under *Bivens,* we will recommend that the  two unnamed inmates also be dismissed from this action with prejudice.   The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith,

undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based on well-settled law, we find futility in granting Plaintiff leave to amend his claims as against Defendant United States and as against the two unnamed inmates.

### B.      Exhaustion of Administrative Remedies

With regards to Plaintiff's constitutional claims, Plaintiff clearly indicates that he has not fully exhausted the available BOP administrative remedy procedures at USP-Canaan regarding the assault incident that occurred on February 15, 2013, and the alleged denial of medical care that ensued. (Doc. 1, p. 1). First and foremost, we take judicial notice that Plaintiff could have not possibly have exhausted the BOP administrative remedy process for his the incident giving rise to his claims that occurred on February 15, 2013, since Plaintiff signed and dated his Complaint on March 9, 2013. More importantly, Plaintiff admittedly has not complete the grievance process regarding this incident that has led to the filing of the instant *Bivens* civil rights action in which Plaintiff alleges that his Eighth Amendment rights have been violated. (Doc. 1, p. 1).

A prisoner is barred from bringing a civil rights action in federal court "until such administrative remedies as are available have been exhausted." 42 U.S.C. §1997e(a). In screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss without prejudice Plaintiff's action regarding his constitutional claims which are not yet exhausted because his Complaint makes clear that he has not completed the BOP administrative remedy process. (Doc. 1, p. 1). *See Jones v. Lorady*, 2011 WL 2461982 (M.D. Pa. 6-17-

11)(citing *McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10)).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10), the Third Circuit

stated:

> Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the
> complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

*See Robinson v. Varano,* Civil No. 10-2131, M.D. Pa.; *Jones, supra*.

As the Courts have repeatedly held, it is well-settled that the Plaintiff inmate must

exhaust his administrative remedies prior to filing a civil rights suit.  *See Mitchell, supra*;

*Ahmed v. Dragovich*, 297 F.3d 201, 209 & n. 9 (3d Cir. 2002).  In *Porter v. Nussle*, 534

U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement

under § 1997e(a) applies to all actions regarding prison conditions, including § 1983

actions or actions brought pursuant to any other federal law, including this *Bivens* action.

The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits

about prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong."  *Id.; Woodford v. Ngo,* 126 S

Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D.Pa.)("The PLRA

mandates that inmates 'properly' exhaust administrative remedies before filing suit in

federal court.")(citation omitted). Further, the Defendants have   the burden to plead

exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir.

2002); *Fortune v. Bitner*, 2006 WL 2769158, *7.

"A prisoner must exhaust all available administrative remedies before initiating a

federal lawsuit." *Lombardi v. Pugh*, 2009 WL 1649908, *3(M.D. Pa. 6-9-09)(citation

omitted). Further, "the exhaustion requirement is not satisfied if the inmate files an

action in the district court prior to completing the administrative remedy process."

*Id*.(citation omitted); *See also Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64(Court stated

that "most circuit courts are in agreement that a prisoner may not satisfy the PLRA's

exhaustion requirement by exhausting administrative remedies *after* initiating suit in

federal court.")(emphasis original)(citations omitted).

The Court in *Mitchell v. Dodrill*, 696 F.Supp.2d at 465, stated:

> The United States Court of Appeals for the Third Circuit has not
> issued a precedential opinion on the issue. However, in a non-
> precedential opinion, the Court found that the lower court had
> properly dismissed the plaintiff's complaint because his exhaustion
> attempt took place after he filed his *Bivens* claim. *Oriakhi v. United
> States,* 165 Fed.Appx. 991, 993 (3d Cir.2006) (not precedential).
> "[T]he district court must look to the time of filing, not the time the
> district court is rendering its decision, to determine if exhaustion
> has occurred." *Id*. (quoting *Johnson,* 340 F.3d at 627–28). The
> Court further stated that "[t]he fact that [the plaintiff] completed
> the administrative review process before the District Court
> reached the exhaustion question is of no consequence. Indeed,
> there appears to be unanimous circuit court consensus that a
> prisoner may not fulfill the PLRA's exhaustion requirement by

exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi,* 165 Fed.Appx. at 993 (citing *Johnson,* 340 F.3d at 627–28). (not precedential).

The Third Circuit has repeatedly stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies prior to filing suit in federal court." *Banks v. Roberts*, 2007 WL 3096585, *1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted); *Ahmed v. Dragovich*, 297 F.3d at 209 & n. 9 . The *Banks* Court also noted that a futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Banks v. Roberts*, 2007 WL 3096585, *1*; Spruill v. Gillis,* 372 F. 3d 218, 228-230 (3d Cir. 2004); *see also Nyuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000).

We take judicial notice that the BOP had an administrative remedy policy at USP-Canaan during the relevant times of this case. *See Cooper v. Sniezek*, 2010 WL 3528848, *7-*8 (M.D. Pa. 9-7-10); *Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64. As stated, Plaintiff admits on the face of his instant Complaint that he has not exhausted his BOP administrative remedies with respect to any of his claims.

The *Cooper* Court, 2010 WL 3528848, *7-*8, stated as follows:

> An inmate may challenge any aspect of his or her confinement using the BOP's administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq.* An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id.* at § 542.14(a). The inmate has twenty (20) days following the date on which the basis for the complaint occurred in which to complete informal resolution and submit a formal written administrative remedy request. *Id.* The

procedure further provides that an extension may be allowed where an inmate demonstrates a valid reasons for delay. *Id.* at § 542.14(b). The regulation states, in part:

Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request of Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request of Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed. *Id.*

If dissatisfied with the response to the formal written request, the inmate may then appeal an adverse decision to the Regional Office and the Central Office of BOP's General Counsel. *Id.* at §§ 542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. *Id.* at § 542.15(a).

The *Cooper* Court also stated:

A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). "[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir.2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F.Supp.2d 884, 894-95 (S.D.N.Y.1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis,* 204 F.3d at 71. The PLRA also mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo,* 548 U.S. 81, 92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."*Id.* at 90-91. Such requirements "eliminate unwarranted federal-court interference with the

administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 93 (quoting *Nussle,* 534 U.S. at 525). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis,* 372 F.3d 218, 227-32 (3d Cir.2004).

2010 WL 3528848, *7.

Thus, in addressing the threshold question of whether Plaintiff has exhausted all available BOP administrative remedies, we conclude that the instant Complaint clearly shows Plaintiff has not, in fact, fully exhausted all of his available BOP administrative remedies before filing his Complaint. (Doc. 1, p. 1). Also, based on the fact that Plaintiff signed his instant Complaint on March 9, 2013, and that the first portion of his constitutional claims arose on February 15, 2013, it is apparent that Plaintiff could not have fully exhausted all of his available BOP administrative remedies before he filed his Complaint. Indeed, as stated, Plaintiff admits in his Complaint that he failed to exhaust the available BOP administrative process regarding his Eighth Amendment claims.

Thus, it is apparent from Plaintiff's pleading that he has not yet completed the available BOP administrative process, which would entail review by staff, an on-site grievance coordinator, the warden, as well as the BOP central office. (Doc. 1, p. 1). We find that Plaintiff's own admission compels the conclusion that he has not yet exhausted all of his BOP administrative remedies.

Therefore, we will recommend that the Plaintiff's Complaint be dismissed without prejudice pending completion of fully exhausting the BOP administrative remedy process with respect to each one of his constitutional claims.

**C.       Eighth Amendment Denial of Medical Care Claim**

Furthermore, even if Plaintiff had exhausted his available BOP administrative remedy process before the filing of the instant action, Plaintiff has failed to properly allege an Eighth Amendment denial of medical care claim against the remaining Defendant Kac Bonic, paramedic.  In his Complaint, Plaintiff alleges that on February 5, 2013, at approximately 7:20 a.m., he was assaulted by two inmates, and sustained head and face injuries, memory loss, vision problems, and mental heath issues as a result. (Doc. 1, pp. 2-3).  He states that medical refused him attention, and that the BOP watched him "get violently and brutally assaulted."  (Doc. 1, p. 3).

First and foremost, Plaintiff has failed to properly allege Defendant Kac Bonic's personal involvement regarding his Eighth Amendment denial of medical care claim. Further, Plaintiff has not stated the personal involvement of any proper Defendant with respect to his failure to protect claim.  Instead, Plaintiff  generally alleges that "medical refuses (sic) me attention."  (Doc. 1, p. 3). In a *Bivens* civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of federal law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *See Mitchell v. Dodrill*, 696 F.Supp. 2d 454 (M.D. Pa. 2010)(citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)).

It well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case, and that a

complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action. In *Iqbal*, the Supreme Court stated the following:

> "To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to 'state a claim to
> relief that is plausible on its face."(quoting *Bell Atlantic Corp. v.
> Twombly,* 550 U.S. 544, 570 (2007)).

The Court further explained that while a court must accept as true all of the factual allegations contained in a complaint, this requirement does not apply to legal conclusions. Therefore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555; *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Twombly,* 550 U.S. at 556 n. 3). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

Plaintiff Turner's Complaint does not specify any conduct, wrongful or otherwise, of Defendant Kac Bonic. In fact, Plaintiff's Complaint does not sufficiently state the personal involvement of any proper Defendant with any cognizable constitutional claim. Instead, he generally alleges that "medical refuses (sic) me attention" thus violating his Eighth Amendment right to medical care, and that the BOP watched him get violently and brutally assaulted.

Furthermore, it is well-established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. Thus, in addition to Plaintiff's failure to allege Defendant Kac Bonic's personal involvement in relation to his claims, Defendant Bonic is also not liable based on the theory of *respondeat superior*. Therefore, we find that, based on the aforementioned case law, Plaintiff's Complaint lacks sufficient allegations as to Defendant Bonic and what this Defendant personally did to violate Plaintiff's constitutional rights.

Additionally, even if the Court finds that Plaintiff has properly alleged Defendant Bonic's personal involvement regarding his claims, Plaintiff has failed to properly allege the elements of his Eighth Amendment denial of medical care claim.

As stated, Plaintiff generally alleges that "medical" violated his Eighth Amendment medical care rights because they refused to provide him with "attention" after he was assaulted by two inmates. (Doc. 1, p. 3).

To demonstrate an Eighth Amendment violation, as the Court stated in *Williams v.*

*Klem*, 2008 WL 4453100, *7 (M.D. Pa.), the Court stated:

> The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999) (citing *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious

> medical need. *See Spruill v. Gillis,* 372 F.3d 218, 235-36 (3d Cir.2004); *Natale v. Camden Cty. Correctional Facility,* 318 F.3d 575, 582 (3d Cir.2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987); *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1979). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347. "Additionally, 'if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.' " *Young v. Kazmerski,* 266 Fed. Appx. 191, 193 (3d Cir.2008) (quoting *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347).

The Third Circuit further defined deliberate indifference in *Natale v.*

*Camden City Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The Court

held:

> A prison official acts with deliberate indifference to an inmate's serious medical needs when "he knows of an disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a complaint that a physician or a medical department "has been

negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment... ." *Estelle*, 429 U.S. 97.  Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice." *Id* at 107.  "[A]s long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish a "deliberate indifference." *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

*See also George v. PA DOC*, 2010 WL 936778, *5.

In examining Plaintiff's Eighth Amendment denial of medical care claim against Defendant Bonic in light of the aforementioned case law, not only has Plaintiff failed to allege the personal involvement of Defendant Bonic with regards to his Eighth Amendment denial of medical care claim, but he has also failed to allege the elements of this claim because Plaintiff does not allege that Defendant Bonic acted with deliberate indifference to Plaintiff's serious medical needs. In fact, as discussed, Plaintiff has not alleged any facts whatsoever regarding Defendant Bonic's involvement in the alleged Eighth Amendment denial of medical care claim.

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).  Thus, if a

Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Therefore, we will recommend that Plaintiff's Eighth Amendment denial of medical care claim against Defendant Bonic be dismissed without prejudice pending the exhaustion of Plaintiff's claims through USP-Canaan's administrative remedy procedures as we do not find futility in allowing Plaintiff to amend his Eighth Amendment denial of medical care claim once the aforementioned exhaustion requirements are satisfied. *See Grayson, supra*.

**V.      RECOMMENDATION.**

Based on the foregoing discussion, we respectfully recommend that the Court:

1.      **DISMISS WITH PREJUDICE** Defendants United States and two unnamed inmates and Plaintiff's claim for monetary damages against Defendants in their official capacities.

2.      **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint **(Doc. 1)** until he completes exhaustion of his BOP administrative remedies with respect to all of his constitutional claims.

3.      **GRANT** Plaintiff's *in forma pauperis* Motion **(Doc. 2)** solely for the purpose of filing this action.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**


**Dated: May 20, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN TURNER, | : | CIVIL ACTION NO. **3:CV-13-0848** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

_____ **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 20, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in 28 U.S.C.
> § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner
> case or a habeas corpus petition within fourteen (14) days after being served with
> a copy thereof.  Such party shall file with the clerk of court, and serve on the
> magistrate judge and all parties, written objections which shall specifically identify
> the portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing requirements
> set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo*
> determination of those portions of the report or specified proposed findings or
> recommendations to which objection is made and may accept, reject, or modify,
> in whole or in part, the findings or recommendations made by the magistrate
> judge.  The judge, however, need conduct a new hearing only in his or her
> discretion or where  required by law, and may consider the record developed
> before the magistrate judge, making his or her own determination on the basis of
> that record.  The judge may also receive further evidence, recall witnesses or

recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: May 20, 2013**