FILED
SCRANTON

JUL 3 1 2013

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN TURNER,<br>    Plaintiff | CIVIL ACTION NO. 3:13-CV-848 |
| v. | (JUDGE NEALON) |
| UNITED STATES OF<br>AMERICA, ET AL.,<br>    Defendants | (MAGISTRATE JUDGE BLEWITT) |

## MEMORANDUM

On April 4, 2013, Plaintiff, Melvin Turner, who was confined[1] in the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania filed a pro se complaint pursuant to 28 U.S.C. § 1331. (Doc. 1). The complaint names as Defendants: the United States of America; Kac Bonic, a paramedic employed by the Bureau or Prisons; and two unnamed inmates at USP-Canaan. (Id.). Plaintiff alleges that on February 5, 2013, the two unnamed inmates stole $216.00 and beat him with pad-locks when he refused to perform oral sex. (Id.). Plaintiff alleges that he received a head injury, but that medical refuses to treat him. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on April 4, 2013. (Doc. 2).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 9) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On May 20, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that Defendant United States and

---

[1] Plaintiff has since been transferred to the United States Penitentiary in Coleman, Florida. See (Docs. 14-15).

[2] Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

the two unnamed inmates, along with Plaintiff's request for monetary damages against Defendants in their official capacities, be dismissed with prejudice, that the complaint be dismissed without prejudice for Plaintiff's failure to exhaust, and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). Although Plaintiff was granted an extension of time to file objections to the R&R, no objections have been filed. See (Doc. 13) (extending the time to file objections until July 1, 2013). On July 29, 2013, Plaintiff filed a motion for the appointment of counsel. (Doc. 15). For the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

In the absence of objections, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a Bivens[3] action under 28 U.S.C. § 1331 and explains that Plaintiff must allege Defendants' personal involvement in the violation of his constitutional rights. (Doc. 9, pp. 2-3), citing Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003); Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992) (Conaboy, J.). As to Defendant United States of America and the two unnamed inmates, Magistrate Judge Blewitt determines that they are not subject to liability under Bivens. (Doc. 9, pp. 7-8), citing Conway v. Lindsay, 2009 U.S. Dist. LEXIS 56891 (M.D. 2009) (Kane, J.); Johnson v. U.S. Attorney's, 2010 U.S. Dist. LEXIS 75430 (E.D. Pa. 2010). The Magistrate Judge finds that it would be futile to allow Plaintiff to file an amended complaint against these Defendants. (Doc. 9, p. 9) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002)). Next, the R&R discusses the exhaustion requirement and explains that the screening court may sua sponte dismiss a complaint without prejudice when it is clear from the face of the complaint that the plaintiff did not complete the prison's administrative remedy process prior to filing suit. (Id. at pp. 9-14), citing 42 U.S.C. § 1997e(a); Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 463-64 (M.D. Pa. 2010) (Rambo, J.); Cooper v. Sniezek, 2010 U.S. Dist. LEXIS 92808 (M.D. Pa. 2010) (Rambo, J.); Lombardi v. Pugh, 2009 U.S. Dist. LEXIS 48373 (M.D. Pa. 2009) (McClure, J.). Magistrate

---

[3] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

Judge Blewitt concludes that the complaint clearly shows that Plaintiff failed to fully exhaust administrative remedies prior to filing this action and recommends that the complaint be dismissed without prejudice pending complete exhaustion. (Doc. 9, p. 14). The Magistrate Judge then determines that even if Plaintiff had fully exhausted administrative remedies, his complaint fails to properly allege the personal involvement of Defendant Kac Bonic in the alleged constitutional violation. (Id. at pp. 15-17), citing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Rizzo v. Goode, 423 U.S. 362 (1976). Further, Magistrate Judge Blewitt finds that Plaintiff fails to properly allege the elements of his Eighth Amendment denial of medical care claim. (Doc. 9, pp. 17-19), quoting Natale v. Camden City Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003); Williams v. Klem, 2008 U.S. Dist. LEXIS 76814 (M.D. Pa. 2008) (Vanaskie, J.). The Magistrate Judge finds futility in allowing Plaintiff to amend this claim until he has fully exhausted administrative remedies and recommends that the complaint be dismissed without prejudice. (Doc. 9, pp. 18-19) (citing Grayson, 293 F.3d at 111).

Having reviewed the R&R for clear error and finding none, it will be adopted. Defendant United States and the two unnamed inmates will be dismissed with prejudice and without leave to amend. The Eighth Amendment medical care claim against Defendant Kac Bonic will be dismissed without prejudice for failure to state a claim and for failure to exhaust. Because an amendment will not cure the exhaustion problem, the case will be closed. Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

Date: July 31, 2013

United States District Judge

4